Alan BISSELL; Maureen Lee Bissell, Plaintiffs—Appellants,

v.

UNITED STATES of America; Jay Deist; Kim West Deist; Mary Ann Fletcher; Dan Glickman, in his capacity as Secretary of the U.S. Department of Agriculture, Defendants—Appellees.

No. 01–35524.

D.C. No. CV–98–00173–DWM.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2003.*

Decided Sept. 17, 2003.

Dean Browning Webb, Vancouver, WA, John A. Lence, Lence Law Office, Kalispell, MT, for Plaintiffs–Appellants.

Kris A. McLean, Esq., USMI–Office of the U.S. Attorney, Missoula, MT, for Defendants–Appellees.

Before KLEINFELD, MCKEOWN, Circuit Judges, and BREYER, District Judge.**

### MEMORANDUM ***

Appellants Maureen and Alan Bissell allege that members of the United States Forest Service committed various torts around their property in Columbia Falls, Montana as part of an ongoing campaign of harassment. The Bissells contend, on appeal, that the district court erred in granting summary judgment to the appellees and in denying the Bissells an adequate opportunity to take discovery.

Grants of summary judgment, which we review de novo, are appropriate where, "after adequate time for discovery and upon motion," a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The district court concluded that summary judgment was warranted here because the only evidence the Bissells have to support

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

their claim is their own belief, via sworn affidavits, that Jay Deist and Kim West Deist ("the Deists") were responsible for incursions against their property.

Summary judgment is not justified, however, where the claimants have presented direct evidence, in the form of sworn eye-witness accounts, of a central fact in dispute. *See McLaughlin v. Liu,* 849 F.2d 1205, 1208 (9th Cir.1988). Although the Bissells' account of the facts may appear on its face to be unlikely, their claims are not altogether implausible, even when viewed against the direct evidence submitted by the Deists. This case presents a classic instance of disputed facts. The only way to rule in favor of the federal appellees at this stage is to disregard the eyewitness and other testimony provided by the Deists. By discounting the Bissells' direct evidence, the district court improperly weighed the evidence in favor of the appellees. *See Bui v. AT & T,* 310 F.3d 1143, 1153 (9th Cir.2002). Accordingly, we reverse the district court's order granting summary judgment.

"Broad discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant." *Goehring v. Brophy,* 94 F.3d 1294, 1305 (9th Cir.1996) (internal quotation and citation omitted). The Bissells have not demonstrated that any of the discovery they were denied would have tended to prove that the Deists were on the Bissells' property on the nights in question.

AFFIRMED IN PART, REVERSED IN PART AND REMANDED. Appellants Maureen and Alan Bissell are awarded costs on appeal.

BREYER, District Judge, dissenting.

BREYER, District Judge.

I do not disagree with the majority's holding that summary judgment is inappropriate if there is genuine dispute of material fact; I simply disagree with the majority's characterization of the allegations in this case as merely "unlikely."

We have repeatedly held that "if the factual context makes the non-moving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *California Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.,* 818 F.2d 1466, 1468 (9th Cir.1987) (emphasis in original). I find the factual context in this case—that is, the Bissells' version of events—utterly implausible. They accuse the Deists of participating in a bizarre several months-long campaign of harassment at the Bissells' home: entering the Bissells' property in the middle of the night to shine green infrared illuminators on their home; wielding a high-powered spotlight on their driveway; and driving on their private road in the middle of the night in a car bearing a California license plate. Moreover, they have not identified any evidence that plausibly explains why these two particular Forest Service employees would engage in such strange behavior. Although the Bissells' allegations are not factually impossible, they are highly improbable; thus, in order to place this case before a jury they had to "present more persuasive evidence than would otherwise be necessary" in order to survive summary judgment. *California Achitectural Bldg. Prods., Inc.,* 818 F.2d at 1468; *see also In re Chavin,* 150 F.3d 726, 728–29 (7th Cir.1998) (holding that the *Matsushita* rule requiring a heightened burden for implausible claims is not limited to claims of "physical impossibility").

I believe that the Bissells' affidavits do not satisfy their heightened burden. All we have is the Bissells' uncorroborated assertions that they saw the Deists on their property. While such testimony might be sufficient to create a genuine dispute of fact in many instances, given the utter implausibility of the Bissells' claims I do not believe it is sufficient in this case. In order to force appellees to a trial before a jury, and "the attendant ... consumption of public and private resources," *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), the Bissells would at least have to offer evidence as to how they made their identifications: how they knew what the Deists looked like, the appearance of the persons they observed on their property, and how they were able to make their observations at night on their isolated property. The majority's holding may mean that a private citizen can always force any government official to trial by simply asserting that he saw the official on his property no matter how implausible the allegation. I believe that Federal Rule of Civil Procedure 56 is not so ineffectual as to mandate such a result.

I also do not believe that the district court impermissibly weighed the parties' evidence. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 242–43, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). The trial court's decision rested not on whether he believed the Deists' evidence over the Bissells' evidence; rather, in light of the implausibility of the Bissells' claims (before even considering the Deists' unequivocal denials), and the paucity and quality of the evidence in support of those claims, no fair-minded jury could reasonably find in favor of the Bissells. *See id.* at 252, 106 S.Ct. 2505. To put it another way, the Bissells' uncorroborated "identification" does not *reasonably* support an inference that the Deists spent several evenings terrorizing the Bissells with sophisticated high-tech equipment.

I respectfully dissent.